**\*AMENDED BLD-446**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3453
_____

IN RE:  CRAIG ALFORD,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:13-cv-00435)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 3, 2013
Before: HARDIMAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: October 23, 2013 )
_____

OPINION
_____

PER CURIAM

       Craig Alford has filed a pro se petition for a writ of mandamus seeking to compel

the United States District Court for the Middle District of Pennsylvania to rule on his

pending petition for a writ of habeas corpus.  For the following reasons, we will deny the

mandamus petition.

       In February 2013, Alford filed a petition pursuant to 28 U.S.C. § 2254.  The

respondents filed an answer in March 2013, and Alford filed his traverse in April 2013.

Alford then filed a motion for summary judgment, which the District Court dismissed in

May 2013. In July 2013, Alford's petition was transferred to Magistrate Judge Mehalchick for initial consideration. Since then, Alford has filed a motion to expedite and a motion for an evidentiary hearing. Those motions remain pending.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus relief must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks omitted). While the management of the docket is within a district court's sound discretion, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Although Alford's petition appears ripe for consideration, we are not presented with any evidence of extraordinary delay, nor do we have reason to believe that there will be delay going forward, particularly in light of the District Court's recent adjudication of Alford's motion for summary judgment and its recent referral of his petition to Magistrate Judge Mehalchick. In short, because the delay about which Alford complains is not "tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, we will deny his petition for a writ of mandamus. We deny Alford's motion for bail and release,

2

and we deny as moot Alford's motions asking us to dispose of his mandamus petition and grant him a writ of mandamus or a writ of habeas corpus.